IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTONIO SANTOS GARCIA<br>228 West Mentor Street, Apt 107<br>Philadelphia, PA 19120<br><br>Plaintiff,<br><br>v.<br><br>49TH AND SPRUCE ASSOCIATES, LP<br>241 S. 49th Street<br>Croydon Hall<br>Philadelphia, PA 19139; AND<br><br>KFIR BINNFELD<br>1344 N. Franklin Street<br>Philadelphia, PA 19122<br><br>Defendants. | CIVIL ACTION NO.: 18-1648<br><br>**JURY TRIAL DEMANDED**<br><br>FILED<br>JUL 10 2018<br>KATE BARKMAN, Clerk<br>By_____Dep. Clerk |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff, Antonio Santos Garcia ("Plaintiff"), by and through his undersigned attorney, hereby files this First Amended Complaint against Defendant 49th and Spruce Associates, LP ("Defendant 49th and Spruce") and Kfir Binnfeld ("Defendant Binnfeld") (collectively, "Defendants"), alleges as follows:

### INTRODUCTION

1. Plaintiff brings this Complaint contending that Defendants have improperly failed to pay him overtime compensation pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100 *et seq.*

2. Plaintiff further contends that Defendants have violated the FLSA by discriminating against and ultimately terminating him in retaliation for initiating this lawsuit against Defendant through the filing of his initial complaint, which Plaintiff filed on or around April 18, 2018.

3. Plaintiff was hired by Defendants in or around July 2012 as a Janitor. Although Plaintiff regularly worked in excess of forty (40) hours per week, he was not properly compensated for his work in that he was not paid an overtime premium calculated at 1.5 times his regular rate of pay for each hour worked in excess of forty (40) hours in a workweek as required by the FLSA and PMWA.

4. Plaintiff brings this action under the FLSA and PMWA for monetary damages to seek redress for Defendants' willful, unlawful, and improper conduct.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

6. This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as his FLSA claims.

7. This action is authorized and initiated pursuant to the FLSA.

8. This Court has original jurisdiction over this matter pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331, as it is an action arising under the laws of the United States.

9. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania.

## PARTIES

10. Plaintiff Antonio Santos Garcia currently resides at 228 West Mentor Street, Philadelphia, PA 19120.

11. Upon information and belief, Defendant 49th and Spruce Associates, LP is a business entity existing under the laws of the Commonwealth of Pennsylvania and is engaged in business in the Eastern District of Pennsylvania with a registered business address of 241 S. 49th Street, Philadelphia, PA 19139.

12. Upon information and belief, Defendant Binnfeld is the owner and managing member of Defendant 49th and Spruce. Upon information and belief, Defendant Binnfeld maintains operational control over the business owned by Defendant 49th and Spruce, exercising control, both directly and indirectly, over the terms and conditions of employment, work schedules, payroll, and compliance with federal and state wage and hour laws, of the employees of Defendant 49th and Spruce, including but not limited to, Plaintiff.

13. Upon information and belief, Defendant Binnfeld is an "employer" of Plaintiff for purposes of the FLSA and PMWA because he had operational control over significant aspects of Defendant 49th and Spruce's day to day functions, such as workplace conditions, assigning Plaintiff's tasks and compensation during the time period giving rise to this action, and ultimately responsible for ensuring Defendant 49th and Spruce's compliance with the FLSA and PMWA.

14. Defendants are "private employers" and covered by the FLSA.

15. At all times relevant hereto, Plaintiff has been employed by Defendants and is entitled to the protections of the FLSA/PMWA.

16. At all times relevant hereto, Defendants acted or failed to act through their agents, servants and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendants.

## FACTUAL ALLEGATIONS RELATING TO
## PLAINTIFF'S CLAIMS TO UNPAID OVERTIME

17. Paragraphs 1 through 16 are hereby incorporated by reference as though the same were fully set forth at length herein.

18. Upon information and belief, Defendants own and operate an apartment building located in Philadelphia, Pennsylvania.

19. Plaintiff was hired to work as a Janitor in Defendants' apartment building in or around July 2012.

20. In or around the beginning of 2014, upon information and belief, Defendants purchased the apartment building from the previous owners.

21. Plaintiff was the only Janitor employed at his location.

22. During the course of his employment with Defendants, Defendant 49th and Spruce and Defendant Binnfeld regularly assigned Plaintiff tasks such as filter cleaning for all units, painting, cleaning, and/or gardening that must be completed in one day.

23. The assigned jobs often could not be finished in an eight (8) hour work day.

24. Further, if Plaintiff did not have time to complete each task on the day it was assigned, Defendant Binnfeld, Defendant 49th and Spruce's co-owner, would often send Plaintiff text messages expressing his disappointment that Plaintiff was unable to complete the task.

25. By way of example, Defendant Binnfeld sent Plaintiff a text message on October 9, 2017 expressing his disappointment that an assignment was not completed in one day. Defendant Binnfeld stated, "remember this when you are coming to me requesting things."

26. As such, Plaintiff was forced to work significantly in excess of forty (40) hours per week to complete the overwhelming amount of maintenance and janitorial assignments given to one person.

27. Defendants had knowledge that Plaintiff was performing significantly in excess of forty (40) hours of work per week in order to complete his work assignments.

28. Moreover, in the event of inclement weather, Defendant Binnfeld regularly asked Plaintiff to stay and maintain the building.

29. For example, due to snow, Plaintiff worked from approximately 6:30 am until approximately 8:00 pm on December 15, 2017.

30. Additionally, and upon Defendant Binnfeld's request, Plaintiff has spent the entire weekend working at Defendants' apartment building. On one such occasion, Plaintiff spent two nights sleeping in a vacant apartment without a mattress. Plaintiff was compensated one-hundred and fifty dollars ($150) for the weekend.

31. During the course of his employment, Plaintiff routinely worked in excess of forty (40) hours per week, but did not receive any overtime compensation for the hours he worked over forty (40).

32. By way of example, during the workweek of January 8, 2018 to January 12, 2018, Plaintiff worked approximately 47.75 hours, which is representative of Plaintiff's typical weekly hours worked, but did not receive any overtime compensation for the nearly eight (8) hours of overtime he worked that week.

33. By way of another example, in a two (2) week pay period beginning February 26, 2018, and ending on March 9, 2018, Plaintiff worked a total of ninety-three and one-half (93.5) hours. However, despite working at least thirteen (13.5) hours of overtime during that bi-weekly

period, Plaintiff did not receive any overtime compensation for the hours he worked over forty (40) in a workweek.

34. Despite the fact that Plaintiff routinely worked in excess of forty (40) hours per week, Defendants only compensated Plaintiff for forty (40) hours per work week. Significantly, Defendants did not compensate Plaintiff at 1.5 times his regular rate of pay for work performed in excess of forty (40) hours in a workweek nor did they reflect his actual hours worked over forty (40) hours in a work week on his pay stubs.

35. Defendants did not maintain accurate records of Plaintiff's hours worked, in violation of the FLSA/PMWA.

36. Defendants misclassified Plaintiff as being exempt from the provisions of the FLSA/PMWA or else simply failed to pay Plaintiff overtime compensation for all hours worked over forty (40) in a workweek. However, Plaintiff was not exempt from overtime within the meaning of the FLSA/PMWA.

37. Plaintiff was not compensated on a salary-basis, did not have authority to hire, fire, or discipline other employees of Defendants, and did not exercise discretion or independent judgment regarding matters of significance to Defendants.

38. To the contrary, Plaintiff waited to be assigned manual labor tasks from a supervisor and/or Defendant Binnfeld and had no independent discretion on how to perform the task.

39. As such, Plaintiff did not qualify for the exemptions for executive, administrative, or professional employees under the FLSA/PMWA.

40. Plaintiff did not receive commissions on "good or services" that amounted to more than half of his total annual compensation. Additionally, Defendant 49th and Spruce is not a retail services establishment as contemplated by 29 U.S.C. § 207(i).

41. Accordingly, Plaintiff did not qualify for the exemption for certain employees paid commissions by "retail establishments."

42. The performance of Plaintiff's job duties did not require an advanced degree or any prolonged course of academic training or instruction.

43. Accordingly, Plaintiff was not exempt from overtime compensation pursuant to the exemption for learned or creative professionals.

44. Finally, there are no other exemptions under the FSLA and/or PMWA which could arguably be applicable to Plaintiff.

45. Plaintiff was, within the meaning of the FLSA and PMWA, a non-exempt employee of Defendants and was therefore entitled to overtime compensation for the hours he worked over forty (40) in a workweek.

46. As a result of Defendants' aforesaid illegal actions, Plaintiff has suffered damages.

### FACTUAL ALLEGATIONS RELATING TO PLAINTIFF'S RETALIATION CLAIM UNDER THE FLSA

47. Paragraphs 1 through 46 are hereby incorporated by reference as though the same were fully set forth at length herein.

48. On or around April 18, 2018, Plaintiff initiated this action by filing a civil action complaint ("Initial Complaint") against Defendants under the FLSA.

49. On or around May 1, 2018, shortly after Plaintiff filed the Initial Complaint, Defendant Binnfeld confronted Plaintiff about Plaintiff's filing of the Initial Complaint, asking Plaintiff to explain why he was suing him.

50. Shortly thereafter, and in response to the filing of this action, Defendants began assigning additional job duties to Plaintiff while demanding that Plaintiff perform his increased job duties in less time, i.e. only eight (8) hours per day.

51. Defendants also began writing Plaintiff up for alleged performance deficiencies in a transparent attempt to justify retaliatory action against Plaintiff for initiating this lawsuit.

52. For example, on May 16, 2018, Defendant Binnfeld wrote Plaintiff up for allegedly "intentionally delaying [his work]" in cleaning an apartment, asserting that Plaintiff had taken "nearly three (3) hours" whereas cleaning the apartment should take "no more than two hours."

53. Moreover, on or around May 21, 2018, Defendants provided Plaintiff with a written notice asserting that, contrary to prior practice, Plaintiff's scheduled work hours were "7 a.m. to 4 p.m.," and stating that Defendants "have recently become aware that [Plaintiff was] attempting to commence work prior to the start of [his] shift."

54. Defendants' written notice continued by threatening Plaintiff with disciplinary action, including termination, if he engaged in "further unauthorized work."

55. Notwithstanding the May 21st notice, Defendants were well aware that Plaintiff regularly arrived at work and began working prior to 7:00 am throughout the course of his employment, but failed to object to Plaintiff's doing so until Plaintiff filed the Initial Complaint.

56. On or around June 27, 2018, Defendants terminated Plaintiff's employment for reasons which are clearly pretextual.

57. In this regard, Plaintiff was informed that he was being terminated for allegedly stealing an item which had been left in a departing tenant's apartment which Plaintiff had been instructed to clear out and clean.

58. Plaintiff's actions in clearing and cleaning the apartment in question were consistent with Defendants' policies and prior practice.

59. Plaintiff engaged in protected activity under the FLSA by filing the Initial Complaint.

60. It is believed and therefore averred that Defendants' stated reason for Plaintiff's termination was a mere pretext for terminating Plaintiff in retaliation for initiating this action in violation of 29 U.S.C. § 215(a)(3).

61. As a result of Defendants' deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, earnings and earnings potential, loss of potential bonuses, and other economic damages, and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to his reputation.

### COUNT I
### FAIR LABOR STANDARD ACT
### 29 U.S.C. § 201, et seq.
### FAILURE TO PAY OVERTIME COMPENSATION

62. Paragraphs 1 through 61 are hereby incorporated by reference as though the same were fully set forth at length herein.

63. Pursuant to Section 206(b) of the FLSA, all employees must be compensated for every hour worked in a workweek.

64. Moreover, Section 207(a)(1) of the FLSA states that employees must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per workweek.

65. According to the policies and practices of Defendants, Plaintiff worked in excess of forty (40) hours per week. Despite working in excess of forty (40) hours per week, Plaintiff was denied overtime compensation for compensable work performed in excess of forty (40) hours per week in violation of the FLSA. Defendants failed to pay Plaintiff at a rate of at least 1.5 times his regular rate of pay for each hour he worked in excess of forty (40) hours in a workweek.

66. The foregoing actions of Defendants and the policies and practices of Defendants violate the FLSA.

67. Defendants' actions were willful, not in good faith and in reckless disregard of clearly applicable FLSA provisions.

68. Defendants are liable to Plaintiff for actual damages, liquidated damages and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorney's fees, costs and expenses.

**WHEREFORE**, Plaintiff prays for the following relief:

A. Adjudicating and declaring that Defendants' conduct as set forth herein and above is in violation of the FLSA;

B. Adjudicating and declaring that Defendants violated the FLSA by failing to pay overtime pay to Plaintiff for work performed in excess of forty (40) hours per week;

C. Awarding Plaintiff wages and/or overtime wages in an amount consistent with the FLSA;

D. Awarding Plaintiff liquidated damages in accordance with the FLSA;

E. Awarding Plaintiff reasonable attorney's fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

F. Awarding pre and post-judgment interest and court costs as further allowed by law;

G. For all additional general and equitable relief to which Plaintiff may be entitled.

## COUNT II
## PENNSYLVANIA MINIMUM WAGE ACT OF 1968
## 43 P.S. § 333 *et seq.*
## FAILURE TO PAY OVERTIME COMPENSATION

69. Paragraphs 1 through 68 are hereby incorporated by reference as though the same were fully set forth at length herein.

70. The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees. See 43 P.S. § 333.113.

71. The Pennsylvania Minimum Wage Act further provides that "employees shall be paid overtime of not less than 1.5 times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek. See 43 P.S. § 333.113.

72. By its actions alleged above, Defendants have violated the provisions of the PMWA by failing to properly pay overtime compensation.

73. As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to the PMWA.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

A. An award to Plaintiff for the amount of unpaid overtime compensation to which he is entitled, including interest thereon, and penalties subject to proof;

B.  An award to Plaintiff of reasonable attorney's fees and costs pursuant to the PMWA; and

C.  An award to Plaintiff for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## COUNT III
## FAIR LABOR STANDARDS ACT
## 29 U.S.C § 215, *et seq.*
## RETALIATION

74. Paragraphs 1 through 73 are hereby incorporated by reference as though the same were fully set forth at length herein.

75. Plaintiff engaged in protected activity under the FLSA by filing the Initial Complaint against Defendants.

76. Shortly thereafter, Defendants began retaliating against Plaintiff in the manner describe above, ultimately terminating Plaintiff's employment for reasons which are clearly pretextual.

77. By reason of the foregoing, Defendants, through their agents, officers, servants, and/or employees have violated the FLSA by discharging Plaintiff in retaliation for engaging in protected activity under the FLSA.

78. As a result of Defendants' deliberate, unlawful, and malicious acts as set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings, earnings potential, raises, other significant economic benefits, emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendants, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, and grant him the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but no less than one hundred and fifty thousand dollars ($150,000);

B. Monetary compensation for the amounts expended by Plaintiff on health insurance premiums;

C. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendants for their intentional, negligent, willful, wanton, and/or malicious conduct;

D. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

E. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

F. Pre-judgment interest in an appropriate amount;

G. Such other and further relief as is just and equitable under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: *Michael Groh*

Michael Murphy, Esq.
Michael Groh, Esq.
Eight Penn Center, Suite 2000

1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
mgroh@phillyemploymentlawyer.com
Attorneys for Plaintiff

Dated: July 10, 2018

## DEMAND TO PRESERVE EVIDENCE

The Defendants are hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to the same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.

## CERTIFICATE OF SERVICE

I, Michael Groh, Esquire, hereby certify that on July 10, 2018, I caused a true and correct copy of the foregoing to be sent via electronic and first class mail the following counsel:

> Jonathan S. Krause, Esq.
> Klehr Harrison Harvey Branzburg LLP
> 1835 Market Street, Suite 1400
> Philadelphia, PA 19103
> 215-569-2700
> 215-568-6603 (fax)
> jkrause@klehr.com
> Attorneys for Defendants

*Michael Groh*
Michael Groh, Esq.

Dated: July 10, 2018